**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

NORWOOD OPERATING
COMPANY d/b/a
NORWOOD PRODUCTS,

        Plaintiff,

v.                         **MEMORANDUM OPINION**
                                  **AND ORDER**
                          **Civil No. 04-1390 (MJD/SRN)**

BEACON PROMOTIONS, INC.,
SHARON MENSSEN, CONNIE
KNUTSON, and RHONDA LEGRAND,

        Defendants.

---

Erik J. Girvan, Mary Cullen Yeager, and Nathaniel J. Zylstra, Faegre & Benson, LLP, Counsel for Plaintiff.

C. Thomas Wilson, Gislason & Hunter, LLP and James T. Martin, Gislason Martin & Varpness, Counsel for Defendants.

---

## I.   INTRODUCTION

This case involves alleged misappropriation of trade secrets and copyright

infringement.  Specifically, Plaintiff Norwood Operating Company's ("Norwood")

claims were brought under Minnesota Statute § 325C.01, Subd. 5 and 17 U.S.C.

1

§ 102(a).

By Order dated June 5, 2006, this Court granted Defendants Beacon

Promotions, Inc., Sharon Menssen, Connie Knutson, and Rhonda LeGrand's

(collectively "Beacon") Motion for Summary Judgment, concluding that (1) the

evidence did not support a reasonable inference that Beacon used Norwood's

secret pricing scheme or that Beacon misappropriated Norwood's secret consumer

information; (2) Norwood did not take reasonable steps to keep its equipment

modifications secret; and (3) Norwood did not demonstrate that Beacon's alleged

infringing catalogs were substantially similar to Norwood's catalogs.  This matter

is now before the Court on Beacon's application for attorneys' fees and costs

pursuant to 17 U.S.C. § 505 and Minn. Stat. §§ 325C.04 and 549.211.

**II.**    **DISCUSSION**

    **A.**    <u>**The Copyright Claim**</u>

Under the Copyright Act, the Court may award reasonable attorneys' fees to

the prevailing party in a copyright action.  17 U.S.C. § 505.  The decision to award

attorneys' fees is in the sound discretion of the trial court.  <u>Mary Ellen Enters. v.</u>

<u>Camex, Inc.</u>, 68 F.3d 1065, 1072 (8th Cir. 1995) (citation omitted).  In

determining whether attorneys' fees should be awarded to the prevailing party,

the Court may consider factors such as "frivolousness, motivation, objective

unreasonableness (both in the factual and legal components of the case) and the

need in particular circumstances to advance considerations of compensation and deterrence." Id. (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 n.19 (1994)).

As previously discussed in this Court's June 5, 2006 Order, copyright protection for catalogs is thin.  Coupled with the fact that Beacon was alleged to have only infringed 2 ½ percent of the Good Value catalog, and one percent of the Triumph catalog, the copyright claims were legally and factually unreasonable.  Accordingly, the Court will allow Beacon attorneys' fees under the Copyright Act.

**B.    Trade Secrets Claims**

A defendant may recover attorneys' fees under the Minnesota Uniform Trade Secrets Act if the claim of misappropriation "is made in bad faith."  Minn. Stat.
§ 325C.04.  Both parties correctly note that no Minnesota court has defined the term "bad faith" as used in § 325C.04.  Thus, the parties encourage the Court to employ other courts' interpretations of similar language in other states' statutes.

Under Maryland's trade secret statute, "bad faith" is present in situations where an action is brought or maintained "vexatiously, wantonly or for oppressive reasons."  Optic Graphics, Inc. v. Agee, 591 A.2d 578, 587 (Md. Ct. App. 1991)

(citation omitted).  Conversely, a finding of bad faith is improper if the underlying

action "presents a colorable claim."  Id. at 588.

Other courts have created a two-part test to determine whether a finding of

"bad faith" is proper.  These courts reasoned that "'bad faith' exists when the court

finds (1) objective speciousness of the plaintiff's claim, and (2) plaintiff's

subjective misconduct in bringing or maintaining a claim for misappropriation of

trade secrets."  Contract Materials Processing, Inc. v. Kataleuna GMBH Catalysts,

222 F. Supp. 2d 733, 744 (D. Md. 2002) (quotations and citations omitted).

"Objective speciousness exists where there is a complete lack of evidence

supporting Plaintiff's claims."  Id. (quotations and citations omitted).   Subjective

misconduct is judged by the relative degree of speciousness of plaintiff's trade

secrets claim and its conduct during litigation.  Computer Econ., Inc. v. Gartner

Group, Inc., No. 98-CV-0312, 1999 WL 33178020, at *6 (S.D. Cal. Dec. 14, 1999)

(unpublished).

Beacon alleges that Norwood brought the trade secrets claims for the

purpose of harassing and causing needless litigation expense to Beacon.  Beacon

asserts that by bringing claims lacking in evidentiary support, Norwood has acted

in bad faith.  Specifically, Beacon points out that Norwood brought claims against

Sharon Menssen when it had no evidence that Menssen ever used Norwood's

proprietary information to the disadvantage of Norwood.  Further, Beacon points

4

out that Norwood's claims regarding the product numbering system were lacking in support as Norwood knew that it had never taken steps to protect that information.  Additionally, Beacon suggests that Norwood was acting in bad faith when it brought the trade secrets claims against the individual defendants as they were legally entitled to use relationships they had developed with Norwood clients to their advantage in the absence of a covenant not to compete.

As further evidence of bad faith on the part of Norwood, Beacon refers to a telephone conference call during which Norwood executive Kurt Spitler allegedly stated that some ex-Norwood employees were going to go into competition with Norwood and that Norwood would not simply "wait and react" but would play the role of "predator" toward any such venture.  (Geiger Aff. Ex. A.)  In addition, Beacon alleges that Norwood acting CEO Frank Bellis stated that he would never have taken the case against Defendants and that it had little or no legal basis.  (Emmer Supp. Aff. ¶ 3.)  Bellis denies making these statements.  (Bellis Decl. ¶ 2.)

Norwood responds that while not strong enough to survive summary judgment, its claims were not objectively specious as they were each accompanied by some supporting evidence.  Further, Norwood challenges Beacon's characterization of the comments made by Spitler and Bellis.  It notes that Spitler's comment could be interpreted as a "strong endorsement of the likelihood of success" on the merits and that "Bellis did not make the statement attributed to

him." (Norwood's Memo. in Opp. to Mot. for Attorney's Fees 20.)  Finally,

Norwood argues that even if there was some vindictiveness evident in its conduct,

ultimately the fact that the claims were supported by some evidence precludes a

finding of bad faith.

The Court finds that Beacon has not established that Norwood acted in bad

faith in bringing its trade secret claims.  In addressing the trade secret claims on

summary judgment, the Court did find genuine issues of material fact as to some

elements of these claims.  Accordingly, the Court finds that the trade secret claims

were not objectively specious.

### C.    Fees Under Minn. Stat. § 549.211

Beacon argues that it is entitled to a sanction of attorneys fees and other

expenses pursuant to Minn. Stat. § 549.211 as a result of Norwood's bad faith

conduct in bringing this action.  However, Minn. Stat. § 549.211 is a state

procedural statute governing the conduct of lawyers in Minnesota state courts

and is inapplicable to the present action.  Minnesota statutes providing for

sanctions where litigants acted in bad faith or asserted unfounded claims do not

apply in federal court.  See In re Metro. Steel Fabricators, Inc., 191 B.R. 150, 154

(Bkrtcy. D. Minn. 1996).

D.      **Amount and Apportionment of Fees**

In its brief, Beacon suggested to the Court that should it determine that

Beacon is entitled to fees relating to one claim and not the other, approximately

33 ⅓ should be apportioned to the copyright claims.

The Eighth Circuit employs the lodestar method to determine what

reasonable attorneys fees for a prevailing party in a Copyright Act case should be.

Pinkham v. Camex, Inc., 84 F.3d 292, 294 (8th Cir. 1996).  In determining a

reasonable fee, the Court may, but is not required to, consider the following

factors:

(1)     the time and labor required;
(2)     the novelty and difficulty of the question;
(3)     the skill requisite to perform the legal service properly;
(4)     the preclusion of employment by the attorney due to
        acceptance of the case;
(5)     the customary fee;
(6)     whether the fee is fixed or contingent;
(7)     time limitations imposed by the client or the circumstances;
(8)     the amount involved and the results obtained;
(9)     the experience, reputation and ability of the attorney;
(10)    the "undesirability" of the case;
(11)    the nature and length of the professional relationship with the
        client; and
(12)    awards in similar cases.

Hensley v. Eckhart, 461 U.S. 424, 430 n.3 (1983).   The Court calculates the fee by

multiplying the number of hours reasonably expended on the case by a reasonable

hourly rate with the resulting total presumed to be a reasonable fee subject to an upward or downward adjustment based upon the factors enumerated above.

During the course of litigation Beacon changed counsel.  The present motion requests fees relating to work done by both the law firm of Gislason & Hunter (C. Thomas Wilson and David Sturges) and Gislason, Martin, Varpness, & Janes, PA (James T. Martin and Julian James).

Martin expended 421.5 hours at a rate of $300 an hour working on this case.  (Martin Aff. Ex. E.)  Martin's associate, Julian James, billed 13.8[1] hours at a rate of $200 an hour.  (Id.)  Attorneys Wilson and Sturges rendered 68[2] hours of service at a $300 hourly rate.  (Martin Aff. Ex. F.)  This results in total fees of $149,610.  Martin also seeks reimbursement for $4,628 in costs.  (Martin Aff. Ex. E, F.)

Norwood takes issue with Martin's request for an hourly rate of $300.  First, it notes that Martin redacted the hourly rate from the billing statements submitted to the Court.  Norwood contends that in the Eighth Circuit an attorney's regular hourly rate is the starting point for the lodestar analysis and the Court should require non-redacted versions of the bills.  Avalon Cinema Corp. v.

---

[1]In his Affidavit, Mr. Martin asserts that James billed 17.4 hours.  Martin Aff. ¶ VIII. However, the billing records total 13.8 for Mr. James.

[2]According to the billing records submitted, the total hours expended by attorneys Wilson and Sturges was 68, not 88, as asserted by Beacon.

Thompson, 689 F.2d 137, 139-40 (8th Cir. 1982).  Because Martin's typical billing rate is $150, Norwood maintains that this is his presumptively reasonable rate.  Furthermore, Norwood argues that the Court should consider the actual rate included in the billing statement because they are a "reliable indicator of an attorney's assessment of what his clients are willing or able to pay for his services."  Shakopee Mdewakanton Sioux Cmty. v. City of Prior Lake, Minn., 771 F.2d 1153, 1160 (8th Cir. 1985).  Finally, Norwood argues that an award of $300 would constitute a windfall which courts are cautioned to avoid.  See Crescent City Publ'g, Inc. v. Playboy Enters., Inc., 246 F.3d 142, 151 (2d Cir. 2001).

In the Eighth Circuit, the actual fee arrangement between the client and the attorney is immaterial in determining the lodestar figure.  Pinkham, 84 F.3d at 294.  Nonetheless, Beacon has not submitted sufficient information to the Court as to why $300 per hour is a reasonable rate in this case for Martin and Wilson.  In addition, Beacon has not provided the Court any information concerning the experience of James and Sturges which would allow it to determine a reasonable hourly rate for these attorneys.  Beacon must submit additional documentation to support its request for fees.

The Court will not grant Beacon $45,000 in costs for the time and mileage of Beacon employees, as such request is not supported by law.

Finally, Norwood has not objected to the requests for costs, and in reviewing the billing records for such costs, the Court finds such request in the amount of $4,628.00 appropriate.


IT IS HEREBY ORDERED that Defendant's Motion for Attorneys' Fees and Costs [Doc. 85] is GRANTED in part and DENIED in part.  Plaintiff's Motion to Strike [99] is DENIED.  Defendant shall submit to the Court additional documentation as to the reasonable hourly rates for all Defense counsel within 30 days from the date of this Order.  Plaintiff may file a response to such submission within 14 days.

Date: October 31, 2006

s / Michael J. Davis
Michael J. Davis
United States District Court